**Kenneth WOOD, et al., Plaintiffs,**

v.

**GENERAL TEAMSTERS UNION LOCAL 406, et al., Defendants.**

**Harry HIGHT, et al., Plaintiffs,**

v.

**GENERAL TEAMSTERS UNION LOCAL 406, et al., Defendants.**

**Nos. G80–742 CA, G83–727 CA.**

United States District Court, W.D. Michigan, S.D.

June 25, 1984.

Dennis C. Kolenda, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for plaintiffs.

H. Rhett Pinsky, Pinsky, Smith & Soet, Grand Rapids, Mich., for Local 406.

Gordon J. Quist, Miller, Johnson, Snell & Cummiskey, Grand Rapids, Mich., for Kroger Co.

MEMORANDUM AND ORDER

BENJAMIN F. GIBSON, District Judge.

By its Opinion and Order of April 12, 1984, this Court denied the defendants' mo-

tions to disqualify plaintiffs' counsel. The motions were based on the fact that the defendants planned to call Arbitrator Robert Howlett as a witness and, after a merger between two law firms, Howlett is now of counsel to the firm representing the plaintiffs. The denial of the motions was based on the Court's ruling that arbitrators are not competent to testify at trial regarding, *inter alia*, the thought processes that went into their decisions. *Wood v. General Teamsters Union, Lo. 406*, 583 F.Supp. 1471, (W.D.Mich.1984).[1]

On May 30, 1984, Arbitrator Howlett was served by defendant Kroger with a subpoena ordering him to appear at a deposition. The plaintiffs and Arbitrator Howlett filed motions to quash the subpoena and, on June 15, 1984, the Court granted the motions and issued a protective order. This Opinion is for the purpose of explaining the Court's rationale for granting the motions.

The defendants state that the issue of Howlett's competency to testify will be appealed[2] if the plaintiffs prevail in this matter, and put forth two reasons for deposing Howlett. First, since Howlett is 78 years old, the defendants fear he may be unavailable to testify at a second trial should the Court of Appeals reverse on this issue. Deposing Howlett would perpetuate his testimony in case he is unavailable. Second, the defendants cite the plaintiffs' argument, first raised in connection with the motion to disqualify counsel, that even if Howlett is a competent witness, the defendants' need for his testimony would be outweighed by the hardship to the plaintiffs of having to replace counsel at such a late stage in the litigation. *See* Code of Professional Responsibility, Disciplinary Rule 5–101(B)(4). The defendants argue that having Howlett's testimony available in deposi-

tion form will facilitate the Court's balancing of these interests.

The defendants also rely on *Hellums v. Quaker Oats Co.*, 115 L.R.R.M. 3595 (W.D.Mo. March 29, 1984), in support of their argument that they should be permitted to depose Howlett. There, in a case which also was brought pursuant to § 301 of the National Labor Relations Act, 29 U.S.C. § 185, the court allowed an arbitrator to testify as to whether he had considered certain evidence in reaching his decision. For two reasons, the Court finds *Hellums* distinguishable and therefore unpersuasive.[3]

Most important, the arbitrator in *Hellums* apparently testified only as to whether he had considered certain evidence. In the instant case, the defendants seek to examine Howlett regarding, *inter alia*, "the reasons for his decision." *See Wood*, at 1473 n. 3. This clearly calls for much more far-reaching examination than in *Hellums*.

Second, in the instant case Arbitrator Howlett himself opposes the taking of the deposition. The court in *Hellums* noted that this fact raises "more serious questions" as to whether examination should be allowed. 115 L.R.R.M. at 3600.

The Court also is mindful of the fact that, if Howlett's deposition is taken, it may lead to the disqualification of plaintiffs' counsel. The Court shall not place in motion this set of events based on a double contingency—first, of the earlier decision being reversed and second, of Howlett not being available to testify at a retrial.

Because allowing the deposition of Howlett would conflict with the policy explained in the April 12 Opinion, the Court issued

1. At the pretrial held on May 25, 1984 in *Hight v. General Teamsters Union, Lo. 406*, 583 F.Supp. 1471, a companion case to *Wood*, the two cases were consolidated.

2. The defendant union already has filed a motion asking the Court to reconsider its April 12, 1984 decision in light of *Hellums v. Quaker Oats Co.*, 115 L.R.R.M 3959 (W.D.Mo. March 29, 1984). For the reasons discussed more fully

below, the Court does not find *Hellums* persuasive and reaffirms its reasoning in the April 12 Opinion. The motion to reconsider therefore is denied.

3. The Court also found significant the fact that the *Hellums* opinion itself notes that there is a good deal of contrary caselaw. 115 L.R.R.M. at 3600.

the Protective Order on June 15, 1984 and shall not let the deposition of Arbitrator Howlett be taken under any circumstances. In addition, for the reasons discussed above, the union's motion to reconsider the April 12, 1984 Opinion and Order is denied.

IT IS SO ORDERED.